(No. 5095–

JAMES QUALL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 20, 1963.*

JAMES QUALL, Claimant, pro se.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General for Respondent.

DOVE, J.

James Quall, claimant, filed his claim in this Court on February 27, 1963, alleging:

That he enlisted in the United States Naval Reserve in the Board of Trade Building, Chicago, Illinois on July 14, 1942; that he reported for active duty on September 3, 1942, and was honorably discharged on August 3, 1943. On August 4, 1943, he accepted appointment as an Ensign in the United States Naval Reserve, and reported for active duty. He was discharged from the Naval Reserve under honorable conditions on June 2, 1944. Attached to the complaint is a copy of a letter received by claimant from the Department of the Navy Board for Correction of Naval Records, and copy of claimant's honorable discharge from the United States Navy. Claimant requests that an award be made to him under the Illinois Bonus Act.

On October 9, 1963, this Court granted leave to respondent, upon motion duly made, and upon giving notice to claimant, to file a motion to strike and dismiss the claim. No objections were filed to the motion, and this cause now comes on for hearing upon the complaint and motion filed by respondent thereto.

The question presented here concerns Secs. 52 and 65, Chap. 126½, Ill. Rev. Stats. These read as follows:

"All applications for compensation under this Act must be made to the Service Recognition Board before July 1, 1951, and no payment shall be made under this Act except on applications received by the Service Recognition Board before that date.

"Any person, who had a claim which would have been compensable by the Service Recognition Board except that during the period for filing claims such person was ineligible by reason of a dishonorable discharge from service, who prior to July 1, 1953, has or shall have such discharge reviewed, and has obtained or shall obtain an honorable discharge, and any person, who had an amended or supplemental claim pending before the Service Recognition Board on May 20, 1953, but had not by that date submitted sufficient evidence upon which the Service Recognition Board could pay the amended or supplemental claim, shall be entitled to have such claim considered by the Court of Claims, and to have an award on the same basis as if his claim had been fully considered by the Service Recognition Board."

Claimant does not allege that he obtained an honorable discharge prior to July 1, 1953, nor does he allege that he had a claim pending before the Service Recognition Board on May 20, 1953. In our opinion both allegations are necessary before this Court could make an award to claimant.

The decision of the Board for Correction of Naval Records, under the date of April 26, 1962, reads as follows:

*"Decision*—It is the decision of this Board that petitioner's dismissal be changed to a separation under honorable conditions."

We are of the opinion that the complaint filed herein does not state a cause of action, which would entitle claimant to an Illinois Bonus. (*Sargeant* vs. *State of Illinois*, 22 C.C.R. 475.)

It is the opinion of this Court that the motion to strike the complaint filed herein should be, and the same is hereby allowed, and the complaint filed herein dismissed. ▬▬▬▬